UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GREGORY KELLY, # 168422, | ) |
| Petitioner, | ) Case No. 1:10-cv-661 |
| v. | ) Honorable Robert Holmes Bell |
| BLAINE LAFLER, | ) **MEMORANDUM OPINION** |
| Respondent. | ) |

This is a habeas corpus action brought by a state prisoner to challenge his conviction in 2006 on four counts of transporting a female for prostitution. MICH. COMP. LAWS § 750.459. The *pro se* petition raises claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and trial court error. The Michigan Attorney General has filed an answer to the petition, supported by the entire trial and appellate records.

Presently pending before the court is petitioner's motion to expand the record to include a police report involving a traffic accident that occurred in the City of Detroit, Michigan, on January 28, 2005. Petitioner asserts that this police report shows that another person was driving the car that ran into Teresa Mockerman, one of the women that petitioner was convicted of transporting to the City of Detroit for purposes of prostitution. Petitioner contends that the report was not available to him at the time of trial and that it is relevant to a number of issues in the present case.

After review of the record, I conclude that petitioner is barred by the provisions of AEDPA from expanding the record as requested in his motion. Furthermore, the proffered police

report is irrelevant to the issues raised in the petition and therefore is not properly before the court in any event.

**1.**

The ability of a habeas corpus petitioner to introduce new evidence in support of his habeas corpus petition is significantly circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Supreme Court has recently underscored the fundamental policy of AEDPA to "strongly discourage" petitioners from submitting new evidence in support of their request for relief in federal court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011). Except in those circumstances allowed by 28 U.S.C. § 2254(e)(2), habeas corpus review is limited to the record that was before the state court. 131 S. Ct. at 1400-01.

The Rules Governing Section 2254 Proceedings in the District Courts contemplate two methods for the introduction of new evidence in support of a habeas corpus petition. One method is under Rule 7(a), which allows the court to direct the parties to expand the record by submitting additional materials relating to the petition. The other method is an evidentiary hearing, authorized by Habeas Rule 8. The provisions of AEDPA significantly limit the circumstances in which a habeas court is allowed to grant evidentiary hearings. 28 U.S.C. § 2254(e)(2). AEDPA provides that the district court shall not hold an evidentiary hearing "if the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). This standard requires the exercise of diligence by a habeas petitioner. *See Williams v. Taylor*, 529 U.S. 420, 432 (2000). If the record shows that petitioner is guilty of a lack of diligence, or some greater fault, in failing to develop the factual basis of the claim in the state courts, then the habeas court is

likewise required to deny an evidentiary hearing. 529 U.S. at 432. AEDPA sets forth exceptions to this bar, which apply to new rules of constitutional law, factual predicates that could not have been previously discovered through the exercise of diligence, and facts showing actual innocence by clear and convincing evidence. 28 U.S.C. § 2254(e)(2)(A), (B).[1]

Although section 2254(e)(2) is expressly directed at evidentiary hearings and does not mention motions to expand the record under Rule 7(a), both the Supreme Court and the Sixth Circuit hold that a motion to expand the record under Rule 7(a) must meet the conditions of section 2254(e)(2). In *Holland v. Jackson*, 542 U.S. 649 (2004) (*per curiam*), the Sixth Circuit had granted habeas corpus relief on the basis of a witness statement that did not appear in the state-court record. The Supreme Court held that reliance on the statement was erroneous. The court noted the restrictions that section 2254(e)(2) imposes on the availability of evidentiary hearings in a habeas corpus case. "Those same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." 542 U.S. at 653. The lower federal courts, including the Sixth Circuit, likewise hold that a petitioner's effort to expand the record by including affidavits or other documentary evidence must meet the conditions under section 2254(e)(2) for an evidentiary hearing. *See Landrum v. Mitchell*, 625 F.3d 905, 923-24 (6th Cir. 2010); *Samatar v. Clarridge*, 225 F. App'x 366, 374 (6th Cir. 2007); *see also Rhoades v. Henry*, 598 F.3d 511, 517 (9th Cir. 2010); *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (when petitioner seeks to expand record under Habeas Rule 7, conditions prescribed by section 2254(e)(2) must still be met); *Owens v. Frank*, 394 F.3d 490, 498-99 (7th Cir. 2005); *Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003)

---

[1] Petitioner relies on different standards articulated in *Apanovitch v. Houk*, 466 F.3d 460 (6th Cir. 2006). *Apanovitch* involved a 1991 habeas petition, and therefore the provisions of AEDPA were expressly not applied. 466 F.3d at 472-73.

(petitioner's attempt to support his allegations with documentary evidence that was not submitted to state court is subject to the restrictions of section 2254(e)(2)); *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) (section 2254(e)(2) governs "[w]hen expansion of the record is used to achieve the same end as an evidentiary hearing").

Under the foregoing authorities, petitioner's request to supplement the record cannot be granted. Petitioner has not shown diligence justifying the six-year delay in uncovering and presenting this routine police report. Petitioner's brief makes assertions (unsupported by any proof) that the police report was somehow suppressed by the prosecution at the time of trial. This bare assertion does not withstand scrutiny, for two reasons. First, the deliberate suppression of material, exculpatory evidence by the prosecution is itself a due-process violation under *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner, however, did not raise any *Brady* claim in his direct appeal, his post-conviction motion, or, indeed, in his habeas corpus petition. This unexhausted, unpleaded constitutional claim is therefore not properly before the court.

Even if it were, petitioner's claim of suppression of evidence is legally meritless. By law, all automobile accidents involving personal injury must be reported to the police. MICH. COMP. LAWS § 257.622. The Michigan Court Rules governing criminal cases expressly require production of all relevant police reports. MICH. CT. R. 6.201(B)(2). Any defense lawyer would know that a police report for a traffic accident taking place in the State of Michigan would necessarily be on file with the municipality and would be subject to production upon demand. In these circumstances, it is impossible to imagine how the existence of a police report could possibly be "suppressed" by the prosecuting attorney. Petitioner also fails to explain how the prosecutor of Kent County, which is located 120 miles from the City of Detroit, managed to impede production of a report kept in a

different county.  If defense counsel thought that access to the police report was important to his case, the report would have been easily accessible to him, and the circuit court certainly would have issued an order for its production under Rule 6.201(J) if the prosecutor refused for some reason to produce the report.  No *Brady* violation occurs where the prosecution fails to disclose a public record equally accessible to defense counsel.  *See Bell v. Bell*, 512 F.3d 223, 235 (6th Cir. 2008).  Petitioner has not shown diligence as required by 28 U.S.C. § 2254(e)(2), and his after-thought accusation of suppression of evidence is patently contrived.  His motion to expand the record must therefore be denied under the relevant provisions of AEDPA.

2.

Even assuming that plaintiff had shown diligence in presenting the police report, his attempt to inject the report into the record would be futile.  Rule 7 of the Rules Governing Habeas Corpus Proceedings requires that the additional materials must relate to the petition.  The traffic accident report, however, is irrelevant to any claim that was raised in the state courts or is now pending before this court.

Petitioner was charged with four counts of transporting a female for purposes of prostitution, MICH. COMP. LAWS § 750.459.  The charges arose from allegations that petitioner had picked up each of the four complainants (Sara Schmuck, Misty Hesselink, Teresa Mockerman, and Bridgette Watkins) on the streets of Grand Rapids and then drove them to Detroit, where he employed them as prostitutes.  The prosecutor elicited evidence that petitioner assaulted and otherwise brutalized the four victims, as well as other prostitutes.  On direct appeal, his appointed counsel alleged ineffective assistance of trial counsel for failure to object to most of this evidence.

(*See* Appellant's Brief on Appeal, issue I, found in Michigan Court of Appeals record, docket # 26). On review, the Michigan Court of Appeals found that most of the challenged evidence was "relevant and properly admissible." (Op. at 1). The court determined that evidence that defendant treated the victims and other prostitutes with violence when they tried to keep their earnings or flee from him assisted the prosecution in proving that "defendant's purpose was to engage the women in prostitution." (Op. at 1-2). The court went on to find that three specific items of challenged evidence -- none of them having to do with victim Teresa Mockerman -- were likely inadmissible under Rule 404(b) of the Michigan Rules of Evidence. The court found that defense counsel should have objected to these three limited areas of testimony, but that petitioner was not prejudiced in light of the overwhelming evidence of his guilt, which rendered counsel's error "relatively insignificant." (Op., 2). Appellate counsel's second issue was a challenge to the trial court's denial of a defense motion to sever the four counts. The third issue was a challenge to the trial court's scoring of three offense variables under the state sentencing guidelines. The allegation that petitioner ran down Teresa Mockerman with his car was not mentioned in the appellate briefing with regard to any of the three issues raised on direct review, including the sentencing issue.

After the Michigan Supreme Court denied discretionary review, petitioner filed a *pro se* motion for post-conviction relief pursuant to Mich. Ct. R. 6.500. In an order entered August 7, 2009, the trial judge denied the motion, finding that petitioner should have raised the issues on direct appeal and that he had failed to show cause and resulting prejudice as required by Michigan law. (Order, found in Court of Appeals record, docket # 28). Petitioner filed a lengthy application for leave to appeal to the Michigan Court of Appeals, which is the only document in the present record that discloses the grounds for his post-conviction motion. Petitioner's first claim arose from the

same evidence of violence towards the complainants and other prostitutes. This time, however, rather than challenging his counsel's effectiveness for failure to object, petitioner charged the prosecutor with misconduct for deliberately eliciting allegedly prejudicial evidence. Petitioner also asserted, again for the first time, that the prosecution knowingly used false or perjured testimony in presenting this evidence. Petitioner's lengthy discussion of this issue begins on page 10 of his appellate brief. Nowhere in that discussion does petitioner assert that he was innocent of striking Teresa Mockerman with his car. In fact, Ms. Mockerman's name does not appear in the discussion. Issue 2 raised two alleged trial court errors, arising from the court's alleged failure to enforce a sequestration order and decision to admit an allegedly inaudible tape without proper foundation. Issue 3 raised ineffective assistance of trial and appellate counsel, and issue 4 asserted that his appellate lawyer failed to raise numerous "dead bang winner" claims on appeal. None of these issues had anything to do with the traffic incident involving Mockerman.

The habeas corpus petition essentially reiterates the claims raised by petitioner in his unsuccessful post-conviction motion. The police report involving the 2005 traffic incident in Detroit is as irrelevant to his habeas claims as it was to his claims on direct and collateral review in the state courts. Petitioner argues otherwise, but in so doing, seriously distorts the nature of his habeas corpus claims. In essence, petitioner seeks to add new, unpleaded and unexhausted claims through the device of the police report. For example, petitioner asserts that the police report "would drastically diminish the credibility of a police officer that testified to an alleged bad act." (Motion, docket # 35, ¶ 2(A)). The police officer's credibility, however, was never an issue in direct or collateral proceedings and is not an issue now.

**Conclusion**

Where the state courts have decided an issue, a habeas court is generally required to review that issue on the basis of the evidence that was before the state courts. *See Pinholster*, 131 S. Ct. at 1400-01. Petitioner has not met his high burden of establishing an exception to this rule. He has not shown an inability to present the allegedly new evidence to the state courts despite the exercise of diligence, nor has he demonstrated that the police report has the slightest bearing on the issues in this habeas case. The motion to expand the record must therefore be denied.


Dated:  March 15, 2012                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge